# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

TAYLOR SHIN, )
)
       Plaintiff, )
)
v. )
)   Case No.: _____
)
LOWE'S HOME CENTERS, LLC )
)
)
       Defendant. )

## <u>NOTICE OF REMOVAL</u>

COMES NOW Defendant Lowe's Home Centers, LLC ("Lowe's"), by and through undersigned counsel, and hereby removes the above-styled case from the Circuit Court of Jackson County, State of Missouri, Case No. 2416-CV03687, to the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This case is being removed to this Court because, based on the allegations Plaintiff Taylor Shin ("Plaintiff") asserts in this action, there is complete diversity between the parties and more than $75,000 is in controversy. As grounds for removal, Lowe's respectfully states as follows:

## <u>INTRODUCTION</u>

1. On February 13, 2024, Plaintiff, a former Lowe's employee, filed an 80-paragraph, two-count lawsuit, alleging violations of the Missouri Human Rights Act ("MHRA") against Lowe's. The lawsuit is currently pending in the Circuit Court of Jackson County, Missouri, as Case No. 2416-CV03687.

2. On February 15, 2024, the State Circuit Court issued the Summons for Lowe's, and the assigned Judge, the Honorable Cory Lee Atkins, issued a Notice of Case Management Conference for Civil Case and Order for Mediation.

3.      On February 29, 2024, Plaintiff served Lowe's Home Centers, LLC with the Summons and a copy of his Petition.

4.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complete State Court file is attached hereto as <u>Exhibit 1</u>.

5.      Copies of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court of Jackson County, Missouri and served on Plaintiffs' counsel of record under 28 U.S.C. § 1446(d).

6.      The Civil Cover Sheet is attached hereto as <u>Exhibit 2</u>.

7.      As set forth more fully below, this action is one that Lowe's may remove to this Court under 28 U.S.C. § 1441 because Lowe's has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).  There is complete diversity between the parties and more than $75,000 in controversy.

## TIMELINESS OF REMOVAL

8.      This Notice of Removal is timely filed within thirty days after Lowe's was served with a copy of Plaintiff's Petition.  Defendant has not filed any responsive pleadings in the Circuit Court of Jackson County, Missouri prior to filing this Notice of Removal.

9.      Thus, this action is timely removed pursuant to 28 U.S.C. § 1446.

## REMOVAL BASED ON DIVERSITY JURISDICTION

10.      Removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1332(a) because, upon information and belief, complete diversity of citizenship exists between Plaintiff and Lowe's, and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

2

**Diversity of Citizenship is Satisfied.**

11.     As pleaded in the Petition, Plaintiff is a citizen of the State of Missouri.  (Petition, Ex. 1, ¶ 1.)

12.     A limited liability company (LLC) is treated as a partnership for purposes of diversity jurisdiction, and citizenship depends on the citizenship of the LLC's members.  *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)).

13.     Lowe's Home Centers, LLC is a limited liability company, and its sole member is Lowe's Companies, Inc.  (Declaration of Grace Ridley ("Ridley Decl."), attached hereto as Exhibit 3, ¶¶ 3-4.)

14.     For purposes of removal, a corporation is a citizen of the state in which it is incorporated and has its principal place of business.  *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S.Ct. 1181, 1192-93 (2010).  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters.  *Id.*

15.     Lowe's Companies, Inc. is a North Carolina corporation, and its headquarters – where its high-level officers direct, control, and coordinate the corporation's activities – is located in North Carolina.  (Ridley Decl., Ex. 3, ¶¶ 3-4.)  Therefore, Lowe's Companies, Inc. is a citizen of North Carolina.

16.     Thus, for removal purposes, Defendant Lowe's Home Centers, LLC is a citizen of the State of North Carolina, not Missouri.  *See GMAC Commercial Credit, LLC*, 357 F.3d at 829.

17. Accordingly, the requisite diversity of citizenship between the parties exists. *See* 28 U.S.C. § 1332(c).

**The Amount in Controversy Requirement is Satisfied.**

18. In this action, Plaintiff asserts 2 causes of action under the MHRA.

19. Specifically, Plaintiff seeks lost wages and lost benefits, future wages and lost earnings; "damages for humiliation, damage to reputation and damages to work record, and pain and suffering and emotional distress of the garden variety"; punitive damages; costs; and attorneys' fees. (*See* Petition, Ex. 1, ¶¶ 65-66, 77-78, and the WHEREFORE clauses following ¶¶ 68 and 80.)

20. As set forth below, Plaintiff's allegations establish that there is more than $75,000 at issue in this case, exclusive of interest and costs.[1]

21. Lowe's need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue. *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014).

22. The removing party's burden is one of "pleading" and not one of "proof." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788-89 (8th Cir. 2012). The removing party need not confess liability in order to show that the jurisdictional amount has been met. *Id.* at 789 (citation omitted).

23. In the Eighth Circuit, the jurisdictional issue is not whether the pleaded damages are greater than the requisite amount, but "whether a fact finder *might* legally conclude that they

---

[1] Lowe's relies on Plaintiff's allegations (and the calculations below) for purposes of establishing the propriety of removal only, subject to and without waiving its position that Plaintiff is not entitled to any damages whatsoever in this action and its general denial of the allegations in the Petition.

are." *See Skoda v. Lilly USA, LLC,* 488 Fed. App'x 161, 162 (8th Cir. 2012); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added).

24.     In addition to the various categories of compensatory damages a plaintiff seeks, including damages for emotional distress, this Court may also consider attorneys' fees and punitive damages that may be awarded under the MHRA, *see* Mo. Rev. Stat. § 213.111, in establishing the $75,000 amount in controversy. *See, e.g.*, *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that punitive damages and statutory attorneys' fees count toward the jurisdictional minimum for diversity jurisdiction).

25.     When Plaintiff's claimed compensatory damages, including lost wages, salary, and benefits, are combined with his claims for punitive damages, and attorneys' fees, there is no question that the amount in controversy in this action exceeds $75,000. *See, e.g.*, *Miller v. CEVA Logistics*, No. 07-0644-CV-W-FJG, 2008 WL 130847, at *2 (W.D. Mo. Jan. 10, 2008) (holding that a claim of lost wages by an employee earning $11.75 per hour combined with his claimed damages for emotional distress, punitive damages, and attorneys' fees "could easily lead to a damage award greater than $75,000" even though the plaintiff filed an affidavit stating his damages were less than $75,000); *Walker v. Lanoga Corp.*, No. 06-0148CV-W-FJG, 2006 WL 1594451, at *2 (W.D. Mo. June 9, 2006) (determining that the defendant had adequately established that the amount in controversy would exceed the jurisdictional minimum when the damages for lost wages were combined with other alleged damages, including damages for emotional distress).

26.     One of the bases of Plaintiff's claims is his allegation that Lowe's wrongfully terminated him. (*See* Petition, Ex. 1, ¶¶ 56-57.) Plaintiff was paid at the annualized rate of $42,536.00, or $20.45 per hour, at the time his employment with Lowe's was terminated on or about April 28, 2023. (Ridley Decl., Ex. 3, ¶ 8.) Thus, Plaintiff's lost wages through the date of

5

removal could amount to $39,264.00 ($20.45 x 40 hours per week x 48 weeks). And, assuming a trial eighteen months from today, his lost wages could total $103,068.00 ($20.45 x 40 hours per week x 126 weeks).

27. Thus, Plaintiff's claim for lost wages alone is sufficient to satisfy the amount in controversy.

28. Plaintiff's claimed damages do not stop at lost wages, however. Plaintiff also seeks future wages and lost earnings. Courts in the Western District of Missouri have awarded front pay, in lieu of reinstatement, for a period of two years from the date of verdict. *See Cooper v. Scripps Media, Inc.*, No. 17-0041-CV-W-BP, 2019 WL 2617822, at *3 (W.D. Mo. June 26, 2019) (2 years). Thus, Plaintiff's potential award of front pay could amount to as much as $85,072.00 ($20.45 x 40 hours per week x 104 weeks).

29. Plaintiff also seeks damages for lost employment benefits. During his employment, Plaintiff was eligible for standard company benefits, including health, vision, and dental insurance as well as a flexible health spending account, 401(k) plan, short term and long term disability insurance, and supplemental life insurance. (Ridely Decl., Ex. 3, ¶ 7.)

30. Here, if Plaintiff's claim for lost benefits is conservatively valued at 20% of his lost wages, his lost benefits from the end of his employment through the date of trial could amount to approximately $20,613.60.

31. Plaintiff also claims that he is entitled to punitive damages on both counts of his Petition. Although his Petition makes no effort to quantify these elements of his alleged damages, and again without conceding the point, Lowe's notes that Missouri juries certainly have awarded sums sufficient to put Plaintiff's total claims well over the $75,000 threshold on a punitive damage claim *alone*. *See Brill v. Burton Creek Management Corp.,* No. 6:99-cv-3097 (W.D. Mo. May. 1,

2000) (entering judgment on jury verdict of $300,000 in punitive damages on a Title VII claim); *Miller v. Am. Family*, 2016 WL 8315313 (Mo. Cir. Ct. Dec. 15, 2016) (awarding a plaintiff $20,000,000 in punitive damages on her claims of sex and age discrimination under the MHRA); *Gentry v. Orkin LLC*, 2016 WL 8315309 (Mo. Cir. Ct. Dec. 15, 2016) (awarding plaintiff $10,000,000 in punitive damages on a MHRA claim); *McClurg v. Mo. Highway and Transp. Comm'n*, 2014 WL 8843699 (Mo. Cir. Ct. Dec. 12, 2014) (awarding a plaintiff $500,000 in punitive damages on a claim of sex discrimination under the MHRA); *McGhee v. Schreiber Foods, Inc.*, 2015 WL 1887835 (Mo. Cir. Ct. Feb. 16, 2015) (awarding a plaintiff $350,000 in punitive damages on a claim of age discrimination under the MHRA).[2] Indeed, the Eighth Circuit has approved a four-to-one ratio between punitive and compensatory damages as appropriate in MHRA cases. *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (8th Cir. 2009).

32. Plaintiff also seeks emotional distress damages and attorneys' fees that are appropriate to include in the amount in controversy calculation. *Miller v. Ceva Logistics*, No. 07-cv-0644, 2008 WL 130847 (W.D. Mo. Jan. 10, 2008); *Hudson v. United Sys. of Ark.,* 709 F.3d 700 (8th Cir. 2013) (affirming an award of $100,000 in emotional distress damages); *Rowe v. Hussman Corp.*, 381 F.3d 775 (8th Cir. 2004) (affirming an award of $500,000 in emotional distress damages); *Jarrett v. Henkel Corp.*, No. 4:15-cv-0832DGK, 2016 WL 409819 (W.D. Mo. Feb. 2, 2016) (denying a plaintiff's motion to remand where an award for lost wages and attorneys' fees combined would likely exceed the jurisdictional limit).

---

[2] These cases are cited only for the proposition that an award of punitive damages, to which Lowe's contends Plaintiff is not entitled, can exceed the $75,000 threshold. The Missouri Human Rights Act was amended in 2017 to institute a cap on damages, including punitive damages, to no more than $500,000 (plus actual back pay) for an employer of Lowe's size. *See* Mo. Rev. Stat. § 213.111. This cap applies to Plaintiff's allegations.

33.     Further illustrating that Plaintiff's claimed damages will exceed $75,000, the undersigned can attest that Plaintiff will seek substantial damages greater than $75,000 based on his 30 years of experience in handling claims of discrimination and retaliation brought against employers.  (Declaration of Thomas P. Berra, Jr., attached hereto as Exhibit 4.)

34.     When Plaintiff's claimed compensatory damages are combined with his claims for emotional distress damages, punitive damages, and attorneys' fees, there is no question the amount in controversy in this action exceeds $75,000.  Removal is appropriate in this case.

35.     Therefore, even if Plaintiff's actual damages do not exceed $75,000, it is clear that the finder of fact could potentially award well in excess of the $75,000 threshold.

### **CONCLUSION**

36.     Plaintiff is a citizen of Missouri and Defendant is a citizen of North Carolina. Plaintiff also seeks to recover lost past wages, lost future wages, non-economic damages such emotional distress, punitive damages, and attorneys' fees that exceed the jurisdictional minimum of $75,000.  Removal to this Court is therefore proper under diversity of citizenship jurisdiction.

WHEREFORE, Defendant Lowe's removes this case to the United States District Court for the Western District of Missouri, respectfully requests that no further proceedings be had in the Circuit Court in Jackson County, Missouri, and prays for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

DATED: March 28, 2024    By:    /s/ Thomas P. Berra, Jr.
Thomas P. Berra, Jr. #43399MO
Brian P. Pezza #60590MO
Benjamin M. Farley #69073MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-1352
Facsimile: (314) 612-1352
tberra@lewisrice.com
bpezza@lewisrice.com
bfarley@lewisrice.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and served via e-mail on this 28th day of March, 2024 to:

Gene P. Graham, Jr.
Taylor M. Arri
Deborah Blakely
19049 East Valley View Parkway
Independence, MO 64055
ggraham@wagblaw.com
tarri@wagblaw.com
dblakely@wagblaw.com

*Attorneys for Plaintiff*

/s/ Thomas P. Berra, Jr.

9